UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM A. WHITMORE, #583812,

                Petitioner,

                                        CASE NO. 2:22-CV-11810
v.                                      HONORABLE SEAN F. COX

MELINDA BRAMAN,

                Respondent.

_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.**    **Introduction**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner William A. Whitmore ("Petitioner") pleaded guilty to three counts of third-degree criminal sexual conduct in the St. Clair County Circuit Court and was sentenced to concurrent terms of 7 to 15 years imprisonment in 2019. In his pleadings, Petitioner raises claims concerning pre-arraignment delay and its effect on his right to a speedy trial, to confront witnesses, and to present a defense, the denial of counsel at his arraignment and his probable cause hearing, and the use of uncharged acts in issuing a warrant against him and in sentencing him. For the reasons stated herein, the Court dismisses without prejudice the habeas petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

**II.**    **Analysis**

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits

annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must seek relief in both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion.

2

*Rust*, 17 F.3d at 160.

Petitioner fails to meet his burden. Following his convictions, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. *See People v. Whitmore*, No. 357636 (Mich. Ct. App. Aug. 11, 2021). Petitioner does not indicate that he pursued an appeal with the Michigan Supreme Court – and the Court's search reveals no such filings. Petitioner states that he also filed a habeas petition in the Ionia County Circuit Court raising his current claims, which was denied. *See Whitmore v. Burton*, No. 2021-34905-AH (Ionia Co. Cir. Ct. Sept. 15, 2021). Petitioner apparently did not appeal that decision nor seek further relief in the state courts. Petitioner thus fails to show that he fully exhausted state court remedies before seeking federal habeas relief.

Petitioner contends that exhaustion is not required and he has no available remedy. Such is not the case. As discussed *supra*, Petitioner is obligated to exhaust all available state court remedies before proceeding in federal court on his claims. Additionally, Petitioner has an available state court remedy to challenge his convictions and sentences which must be exhausted before he seeks federal habeas review. He can file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his claims through both of the state appellate courts as necessary. Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's claims before he can present them in federal court. Otherwise, this Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner does not request a stay nor indicate that his circumstances justify a stay. Moreover, a stay is inappropriate. None of Petitioner's habeas claims are exhausted. The Court cannot ordinarily stay a petition containing only unexhausted claims. In such a case, a non-prejudicial dismissal of the petition is appropriate. *See Hines v. Romanowski*, No. 2:14-CV-13983, 2014 WL 5420135, *2 (E.D. Mich. Oct. 22, 2014) (dismissing case where all claims were unexhausted); *Wilson v. Warren*, No. 06-CV-15508, 2007 WL 37756, *2 (E.D. Mich. Jan. 4, 2007) ("a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court"); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (*Rhines* stay and abeyance rule does not apply to a petition alleging only unexhausted claims); *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006) ("[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice...."); *McDonald v. Bell*, No. 1:06-cv-406, 2009 WL 1525970 (W.D. Mich. June 1, 2009) (concluding that the stay and abeyance procedure does not apply to a petition containing only unexhausted claims); *Mimms v. Russell*, No. 1:08-cv-79, 2009 WL 890509 (S.D.

4

Ohio Mar. 31, 2009) (habeas petition subject to dismissal where petitioner did not exhaust state court remedies on any of his habeas claims); *Murphy v. Feneis*, No. 07-153, 2007 WL 2320540, *7 (D. Minn. Aug. 10, 2007) ("Given the narrow issue before the Supreme Court regarding mixed petitions, this Court refuses to extend *Rhines* to allow a court to stay a habeas petition, so that a petitioner can exhaust his state remedies, where, as here, the petition contains only unexhausted claims."). Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

## III.    Conclusion

For the reasons stated, the Court concludes that Petitioner has not properly exhausted his habeas claims in the state courts and that a stay of the proceedings is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merit of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.

FED. R. APP. P. 24(a).   Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.  This case is closed.

      **IT IS SO ORDERED**.

                    s/Sean F. Cox
                    Sean F. Cox
                    United States District Judge

Dated:  September 6, 2022